IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TERRANCE TREMAINE WYLLIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:07CV79 |
| | ) | 1:05CR63-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

## FACTS AND CASE HISTORY

Petitioner Terrance Tremaine Wyllie, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 36.)[1] Petitioner was indicted on four counts of distribution or possession with intent to distribute a total of 144.1 grams of cocaine base in violation of 21 U.S.C. § 841. (Docket No. 1.) Thereafter, Respondent filed two informations of prior convictions which asked that Petitioner be subject to the enhanced penalties set out in 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(B). (Docket Nos. 5, 6.) If Petitioner had been convicted and the enhanced penalties applied, he could only have received a sentence of life in prison without the possibility of parole. Faced with that disagreeable prospect, Petitioner pled guilty to the first and fourth counts of the indictment. (Docket No. 18.)

---

[1] This and all further cites to the record are to the criminal case.

The plea agreement contains several provisions relevant to the present motion. First, Petitioner agreed that his sentence on the first count would be ten years to life in prison and that his sentence on the fourth count would be twenty years to life in prison. (*Id.* ¶¶ 2(a) and (b).) In return, Respondent promised to not oppose a motion to dismiss the other charges and to recommend an extra level of decrease in Petitioner's sentencing range if the sentencing judge concluded that a two-level reduction was appropriate for acceptance of responsibility. (*Id.* ¶¶ 5(a) and (b).) Respondent also agreed to withdraw the second information of prior conviction. (*Id.* ¶ 5(e).) In exchange for this last concession, Petitioner agreed that his offense level and criminal history category would be calculated by the court under the United States Sentencing Guidelines (USSG), that he would not seek a sentence outside the calculated range, and that the resulting sentence would be reasonable. (*Id.*)

At sentencing, Petitioner's offense level was calculated to be 35, with a criminal history of Category VI, resulting in a sentencing range of 292 to 365 months of imprisonment. (Sent. Tr. at 65.) Petitioner was sentenced to 283 months of imprisonment,[2] to run concurrently with any other sentence Petitioner was then serving. (*Id.* at 69.) Following an unsuccessful direct appeal (docket nos. 34, 35), Petitioner filed his current motion under § 2255. Respondent has filed a response, Petitioner has replied, and the matter is now before the court for a decision.

---

[2] This was slightly below the calculated sentencing range because a related state court sentence was taken into account. (Sent. Tr. at 68.)

## **PETITIONER'S CLAIMS**

Petitioner raises two claims for relief in his motion, both of which are based on ineffective assistance of counsel. First, Petitioner claims that his attorney failed to raise meritorious grounds for downward departure during sentencing. He claims that counsel should have argued that Respondent was to blame for the amount of drugs Petitioner sold because agents made repeated controlled buys instead of arresting Petitioner after the first buy. He also believes that his attorney should have sought a departure based on the idea that Petitioner had undergone post-offense rehabilitation in the form of prison educational and treatment courses. Petitioner's second argument alleges that his attorney failed to properly challenge his designation as a career offender in the Presentence Report (PSR) and failed to put the burden of proving that status on Respondent.

## **DISCUSSION**

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner

bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985).

Petitioner's first argument is entirely frivolous. As Respondent points out, Petitioner's plea agreement, the same document that prevented him from facing life without parole, also prevented him from seeking downward departures. For his attorney to have acted as he suggests would have been a clear breach of the agreement, and to be sure would not have been in Petitioner's best interests. His attorney was aware of this and made the appropriate strategic decision not to seek a downward departure from the calculated range.[3] (Docket No. 43 Ex. B. ¶ 4(b).) Therefore, this claim fails because Petitioner cannot show either error or prejudice.[4]

Petitioner's second claim for relief also misses the mark. Petitioner asserts that his attorney should have argued against the career offender designation because the conviction described in the second information of prior conviction would not qualify as a prior "controlled substance offense" under USSG § 4B1.1, which

---

[3] Counsel did argue that Petitioner's criminal history was overstated; however, Respondent conceded that the plea agreement did not bar this argument. (Docket No. 43 Ex. B. ¶ 4(b).) There is no indication that Respondent would have allowed counsel to make the arguments suggested by Petitioner.

[4] The court also notes that the grounds Petitioner claims his counsel should have advanced would not have likely resulted in downward departures, and this is another reason to deny this first claim.

-4-

Case 1:05-cr-00063-JAB   Document 46   Filed 08/28/07   Page 4 of 7

provides for certain guideline ranges for career offenders. Petitioner's offense level was not affected by that provision. (PSR ¶ 19.) Nevertheless, the PSR did find that his criminal history should be designated as a Category VI. It would have been a Category V if the career offender designation had not been applied. (*Id.* ¶ 46.)

Petitioner's argument regarding the conviction associated with the second information of prior conviction, a 2001 conviction for possession of a controlled substance on prison/jail premises, is irrelevant. The conviction listed in that document triggered enhanced statutory penalties. It was not one of the convictions used to designate Petitioner a career offender under the Guidelines. Instead, the PSR relied on a felony possession with intent to manufacture, sell, and deliver marijuana conviction (99CRS2768) and a felony possession with intent to sell and deliver a Schedule IV drug (00CRS574), both of which Petitioner obtained in Caswell County on June 13, 2000. (PSR ¶¶ 33, 36, 46.) Although these two convictions occurred at the same time and in the same court, the offenses were committed on different dates. (*Id.* ¶¶ 33, 36.) Petitioner was even arrested on another charge between the times that he committed these two offenses. (*Id.* ¶ 34.) Petitioner's attorney discussed these charges with Petitioner, examined the state court judgments, and found no basis for challenging their validity. (Docket No. 43 Ex. B ¶ 4(a).)

In his reply brief, Petitioner points to nothing to challenge the validity of the convictions used to establish his status as a career offender or the decision of his

attorney not to challenge them. Instead, he continues to insist that it is the conviction in the second information of prior conviction which is important. He also continues to be incorrect. The statutory enhancements in 21 U.S.C. § 841 are completely separate from, and defined by different criteria from, the career offender provisions in the Guidelines. There is no need to file an information of prior conviction for a conviction to be used in the Guidelines calculation. Also, while more than mere possession is required for a prior offense to be counted under the Guidelines' career offender provisions, this is not true for the enhanced statutory penalties. USSG § 4B1.2(b); *United States v. Burgess*, 478 F.3d 658, 659-60 (4th Cir. 2007) (cocaine possession conviction sufficient for enhanced penalty to apply).

In short, Petitioner is confused, but the law and the record in the case are clear. The second information of prior conviction reflected an offense appropriate for the purposes of that document, but which could not have been used under USSG § 4B1.1. Petitioner's designation as a career offender under USSG § 4B1.1 relied on two other convictions, both of which were proper for that purpose. No error occurred in Petitioner's case and his attorney did not fail him in any way. His motion should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 36) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
August 28, 2007